Lisa L. HEIN, Relator,

v.

PRECISION ASSOCIATES, INC., Respondent,

Commissioner of Economic Security, Respondent.

No. C7–99–1708.

Court of Appeals of Minnesota.

May 9, 2000.

Joseph A. Nilan, Lang, Pauly, Gregerson & Rosow, Ltd., Minneapolis, for relator.

Precision Associates, Inc., Minneapolis, for respondent.

Kent E. Todd, Minnesota Department of Economic Security, St. Paul, for respondent commissioner.

Considered and decided by
TOUSSAINT, Chief Judge, WILLIS,
Judge, and HUSPENI, Judge.

## OPINION

DORIS OHLSEN HUSPENI,* Judge

Relator seeks review of the commissioner's representative's decision that she was

disqualified from receiving reemployment benefits because she quit her job without a good reason caused by her employer. We affirm.

## FACTS

Relator Lisa Hein worked full-time as a rubber cutter for respondent Precision Associates. During 1998, attendance became a problem for her. Hein contends some of her absences were due to medical problems. On September 23, 1998, to address Hein's absenteeism, Precision reduced her scheduled work hours.

Hein's attendance problems persisted. Between January and April 1999, she was absent five times and late nine times. Pursuant to Precision's attendance policy, Hein received several written warnings about her attendance problems, and on May 14, 1999, she left early without prior approval.

On May 21, 1999, Hein was informed that she was being reassigned to the job of utility person, a support position at Precision, with duties including wiping out pans, wiping off machines, and sweeping floors in the area. She was told she would incur no reduction in pay. Upon learning of her reassignment, Hein decided to quit immediately. She cleaned out her things and left a note informing her supervisors.

The reemployment insurance judge determined that Hein was qualified for reemployment benefits because her reassignment constituted a demotion, giving her a good reason to quit that was caused by her employer. The commissioner's representative reversed, however, concluding Hein had quit her job without a good reason caused by Precision. The commissioner's representative noted that (1) a demotion for inadequate job performance is not a good reason to quit, (2) the commissioner's

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

representative was not convinced the attendance problems were beyond Hein's control, (3) illness does not explain all the times Hein was late, and (4) "while the reassignment was apparently to less desirable job duties, it was well within Hein's capabilities and at no reduction in pay."

## ISSUE

Did relator's reduction in hours and reassignment constitute a good reason to quit caused by her employer?

## ANALYSIS

■ An employee who quits employment is disqualified from reemployment benefits unless the employee quit because of a good reason caused by the employer. Minn.Stat. § 268.095, subd. 1(1) (1998). The employee bears the burden of proving there was a good reason to quit. *Zepp v. Arthur Treacher Fish & Chips, Inc.*, 272 N.W.2d 262, 263 (Minn.1978). Whether an employee quit for good reason is a question of law, which we review de novo. *Kehoe v. Minnesota Dep't of Econ. Sec.*, 568 N.W.2d 889, 890 (Minn.App.1997). A good reason is one

(1) that is directly related to the employment and for which the employer is responsible; and

(2) that is significant and would compel an average, reasonable worker to quit.

Minn.Stat. § 268.095, subd. 3(a) (1998).

■ A good reason to quit is one that is "real, not imaginary, substantial, not trifling, and reasonable, not whimsical." *Ferguson v. Department of Employment Servs.*, 311 Minn. 34, 44 n. 5, 247 N.W.2d 895, 900 n. 5 (1976) (citation omitted). The standard is "reasonableness as applied to the average man or woman, and not to the supersensitive." *Id.* The commissioner's findings must "be viewed in the light most favorable to the decision" and will not be disturbed "if there is evidence reasonably tending to sustain them." *White v. Metropolitan Med. Ctr.*, 332 N.W.2d 25, 26 (Minn.1983).

■ Hein argues that the commissioner's findings do not support the conclusion that because she was demoted due to inadequate job performance, she was disqualified from receiving benefits. We reject Hein's argument. Hein received six written warnings between July 1997 and the day she quit. While she was not subject to automatic termination under Precision's attendance policy, that policy does indicate Precision's expectations and standards for employees. It is not necessary for Hein to have been subject to termination under the policy in order to justify Precision's decision to reassign her due to her inadequate job performance. To the extent that Hein argues she could not be reassigned so long as her conduct did not meet the automatic termination provisions of Precision's attendance policy, that argument is without merit.

■ The record clearly shows that Hein's reduction in hours was due to poor attendance and that the reassignment was to prevent her continued absences from affecting production. Both actions were taken in direct response to Hein's poor attendance in the production position of rubber cutter. Hein's continued failure to work all of her scheduled hours constituted inadequate job performance and justified Precision's decision to reduce her hours and, when that did not solve the problem, to reassign her. *See Dachel v. Ortho Met, Inc.*, 528 N.W.2d 268, 270 (Minn.App.1995) (affirming commissioner's judgment that relator failed to show good cause to quit where job performance deficiencies justified demotion); *see also Jones v. Rosemount, Inc.*, 361 N.W.2d 118, 120 (Minn.App.1985) (holding that, despite lack of evidence that relator's absenteeism was willful or deliberate, it was sufficiently chronic and excessive to demonstrate relator's lack of concern for her job).

## DECISION

Because the record shows Hein's own deficient job performance prompted her reduction in hours and reassignment, we find no error in the commissioner's representative's conclusion that Hein failed to show she had a good reason to quit caused by her employer.

**Affirmed.**