ROSLYN G. FEIA v. ST. CLOUD STATE COLLEGE.
COMMISSIONER OF EMPLOYMENT SERVICES, RESPONDENT.

244 N. W. 2d 635.

July 2, 1976—No. 46175.

*Roslyn G. Feia*, pro se, for relator.

*Warren Spannaus*, Attorney General, *Peter W. Sipkins*, Solicitor General, *Peter C. Andrews*, Assistant Attorney General, and *Frank W. Levin*, Special Assistant Attorney General, for respondent commissioner.

PER CURIAM.

Writ of certiorari issued upon the relation of claimant to review a decision of the commissioner of employment services. The issue is whether claimant should be temporarily disqualified from receiving unemployment compensation benefits on the ground that her discharge was for "misconduct" within the meaning of Minn. St. 268.09, subd. 1(1). The commissioner, affirming the appeal tribunal, held that claimant should be temporarily disqualified from receiving benefits. We affirm.

Claimant, upon commencing her work as a custodian in the Fine Arts Building at St. Cloud State College (now designated as St. Cloud State University, Minn. St. 136.01), learned that nude models were used in some of the art classes. Claimant, offended by this and by some of the students' drawings and paintings which she saw in the classrooms she cleaned, expressed her disapproval to everyone she could, including administrators, teachers, and students. Because claimant's activities in this regard interfered with her job duties and disrupted the art program, the administration offered claimant a transfer to another building and warned her that if she continued her disruptive activities she would lose her job. Claimant refused the transfer and continued her disruptive activities, and the administration therefore discharged her.

We believe that these facts warrant the commissioner's conclusion that claimant's discharge was for "misconduct," that is, conduct evincing a willful or wanton disregard for the employer's interests or conduct demonstrating a lack of concern by the employee for her job. See, Tilseth v. Midwest Lbr. Co. 295 Minn. 372, 204 N. W. 2d 644 (1973). Accordingly, we are compelled to affirm the commissioner's determination that claimant should be temporarily disqualified from receiving unemployment compensation.

Affirmed.