**Kara-Lea JONES, Respondent,**

v.

**ROSEMOUNT, INC., Relator,**

**Commissioner of Economic Security, Respondent.**

**No. C5–84–1525.**

Court of Appeals of Minnesota.

Jan. 22, 1985.

Jori L. Whitehead, Legal Asst. of Dakota County, Burnsville, for respondent Jones.

John C. Zwakman, Robert S. Halagan, Minneapolis, for relator.

Regina M. Chu, Sp. Asst. Atty. Gen., St. Paul, for Com'r of Economic Sec.

Heard, considered and decided by POPO-VICH, C.J., and WOZNIAK and HUSPE-NI, JJ.

## OPINION

WOZNIAK, Judge.

Relator Rosemount, Inc. appeals from the determination of the Commissioner of Economic Security that Kara-Lea Jones was discharged for reasons other than misconduct and was not disqualified from the receipt of unemployment compensation benefits. We reverse.

## FACTS

Respondent Jones was employed by relator Rosemount, Inc. from August 8, 1980, until her discharge on May 1, 1984. Jones was discharged for excessive absenteeism in contravention of expressed employer policy. Rosemount computes attendance on a rolling 12-month basis and, if the employee exceeds 48 hours of missed work during any 12-month period or shows a pattern of regular absences, the employee's record is reviewed and a determination is made whether a warning is appropriate. The decision whether or not to warn rests with the employee's immediate supervisor and the supervisor's supervisor. The first written warning for absenteeism will confirm that the employee has been warned that his or her attendance is unsatisfactory and that, if the problem continues, the employee will be subject to further disciplinary action.

If the employee's absenteeism continues after the first written warning, the employee may be given a Final Warning for Attendance indicating that his or her attendance continues to be unsatisfactory and that continued absenteeism may result in further disciplinary action which could include termination. If the absenteeism is not corrected, the employee could then be subject to termination.

Jones was given her first written warning for attendance on September 15, 1983. The warning confirmed that she had been verbally warned three times that her attendance was unsatisfactory and that she needed to correct that problem, but had failed to do so. Because of the continuing pattern of absenteeism, the employer determined that a written warning was appropriate and informed Jones that if she missed more than 24 hours of work in the next six months, from September 15, 1983, to March 15, 1984, she could be subject to further disciplinary action which could include a final written warning leading to termination.

In the next five months, Jones missed 51.2 hours of work. Her continued absenteeism resulted in the issuance of a final written warning which informed her that if she missed more than twenty-four hours from work in the next six months, from February 13, 1984, to August 13, 1984, she could be subject to further disciplinary action including termination. In approximately the next two months, Jones missed 30.7 hours of work. Although Rosemount had a policy of permitting employees to make up missed work hours, Jones never attempted to make up any hours she missed. In view of her continued absenteeism, Rosemount terminated her employment.

The Commissioner of Economic Security determined that Jones was terminated for reasons other than misconduct and held that she was not disqualified from the receipt of unemployment compensation benefits.

## ISSUE

Was Jones properly terminated for misconduct and disqualified from the receipt of unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2)?

## ANALYSIS

The definition of misconduct set forth in *Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 204 N.W.2d 644 (1973), governs this action. There, the Minnesota Supreme Court stated:

The intended meaning of the term "misconduct" * * * is limited to conduct

evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct" * * *.

295 Minn. at 374–375, 204 N.W.2d at 646.

In *Feia v. St. Cloud State College*, 309 Minn. 564, 565, 244 N.W.2d 635, 636 (1976), the Supreme Court expanded the definition to include conduct "demonstrating a lack of concern by the employee for her job."

This court has recognized the employer's right to establish and enforce reasonable work rules relating to absenteeism. *Campbell v. Minneapolis Star & Tribune Co.*, 345 N.W.2d 803, 805 (Minn.Ct.App. 1984); *Flahave v. Lang Meat Packing*, 343 N.W.2d 683, 686 (Minn.Ct.App.1984).

Although there was no showing that Jones' absenteeism was willful or deliberate, it was sufficiently chronic and excessive to demonstrate a lack of concern by Jones for her job. The Commissioner placed heavy importance on the reason for which Jones missed her last day of work and, finding that absence to have been for reasons outside of Jones' control, held her termination to be for reasons other than misconduct.

Regardless of the reason for her absence on her last day of work, Jones' pattern of persistent absence demonstrated negligent behavior toward her employer, justifying termination and justifying withholding unemployment compensation benefits.

## DECISION

Respondent Jones was properly discharged for misconduct and was disqualified from receiving unemployment compensation benefits pursuant to Minn.Stat. § 268.09, subd. 1(2).

Reversed.