DUC VAN LUU, Relator,

v.

**CARLEY FOUNDRY COMPANY, Department of Economic Security, Respondents.**

No. CX–85–1174.

Court of Appeals of Minnesota.

Oct. 8, 1985.

William E. Sjoholm, Minneapolis, for relator.

Albert Rosenbower, Minneapolis, for Carley Foundry Company.

Hubert H. Humphrey, III, Atty. Gen., Donald E. Notvik, St. Paul, for Department of Economic Security.

Considered and decided by POPOVICH, C.J., and WOZNIAK, and HUSPENI, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Relator was discharged from employment following an unexcused absence resulting from his incarceration. The Department of Economic Security found that relator was discharged for misconduct and denied him unemployment compensation benefits. This court granted certiorari. We affirm.

## FACTS

Relator Duc Van Luu was employed by the Carley Foundry Company from March 23, 1977 until July 30, 1984, when he was discharged for excessive absenteeism. He applied for unemployment compensation benefits, and a hearing was held to determine his entitlement to those benefits. At the hearing, his employer, Mr. Mateyka, testified that Carley had a company policy concerning excessive absenteeism, which was posted on a bulletin board. According to the policy, "excessive absenteeism" was defined as unexcused absences for three days in a month. The employer explained the policy as follows:

> [I]f you miss you know three days then you are going to get a warning letter. If you get a second warning letter you get time off, and if you get a third warning letter you are not there anymore * * *.

The record shows that, pursuant to the employer's progressive discipline policy, the claimant had received two written warnings and a suspension for unexcused absenteeism. When the claimant received his second written warning on May 2, 1984, which also accompanied a two-day suspension from work, he was warned that "the next violation will result in your immediate discharge."

On the afternoon of July 24, 1984, relator was arrested at work and was taken to the Hennepin County jail. The next day he was still incarcerated, and did not call his employer. According to the employer's attendance policy, an employee is required to call in prior to 8:00 a.m. in order to report an absence, and failure to do so results in an "unexcused absence." On the third day, relator claims he called his employer, but the employer had no record of this call. Relator's claimed innocence assumes a set of facts not supported by the record.

Relator was discharged from employment on July 30, 1985. A referee determined that relator had not been discharged for misconduct; however, a Commissioner's representative reversed, concluding that:

> [Relator's] pattern of unexcused absenteeism was 'sufficiently chronic and excessive' to demonstrate a substantial disregard for the interest of the employer and a lack of concern for his job.

## ISSUE

Did relator's absences from work constitute misconduct, disqualifying him from the receipt of unemployment compensation benefits pursuant to Minn. Stat. § 268.09, subd. 1(2) (1984)?

## ANALYSIS

An employee who is discharged for misconduct is disqualified from receiving unemployment compensation benefits. Minn. Stat. § 268.09, subd. 1(2) (1984). The Minnesota Supreme Court defined the term "misconduct" in *Tilseth v. Midwest Lumber Co.*, 295 Minn. 372, 204 N.W.2d 644 (1973):

> [T]he intended meaning of the term "misconduct" * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed "misconduct".

*Id.* at 374–75, 204 N.W.2d at 646 (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 259, 296 N.W. 636, 640 (1941)).

■ As we noted in *Smith v. American Indian Chemical Dependency Diversion Project*, 343 N.W.2d 43 (Minn.Ct.App.1984), "[t]he Minnesota Supreme Court has recognized absenteeism as misconduct." *Id.* at 45 (citing *Moeller v. Minnesota Department of Transportation*, 281 N.W.2d 879, 882 (Minn.1979)). We have also indicated that an employer has the right "to establish and enforce reasonable work rules relating to absenteeism." *Jones v. Rosemount, Inc.*, 361 N.W.2d 118, 120 (Minn.Ct.App.1985).

■ The Commissioner concluded that it was relator's responsibility to call in view of the employer's policy and in view of the relator's previous warnings. Relator's failure to do so was his responsibility, whether or not he was guilty of the charges against him.

Under our narrow scope of review, we find there is sufficient evidence to sustain the Commissioner's findings that relator's pattern of unexcused absenteeism was "sufficiently chronic and excessive" to demonstrate a substantial disregard for the interest of the employer and a lack of concern for his job. *Jones v. Rosemount, Inc.*, 361 N.W.2d at 120.

## DECISION

Relator was discharged from employment for misconduct, and is disqualified from receiving unemployment compensation benefits.

Affirmed.