Gary McLEAN, Relator,

v.

PLASTICS, INC., Respondent,

Commissioner of Economic Security, Respondent.

No. C1–85–1242.

Court of Appeals of Minnesota.

Dec. 3, 1985.

Barone, Sp. Asst. Atty. Gen., St. Paul, for respondents.

Heard, considered and decided by RANDALL, P.J., and PARKER and SEDGWICK, JJ.

## OPINION

RANDALL, Judge.

Gary McLean appeals from a determination by the Commissioner of Economic Security that he was not entitled to a remand for purposes of reconsidering whether he was discharged by his employer for misconduct. We affirm.

## FACTS

Gary McLean was employed by Plastics, Inc. as a maintenance mechanic from November 1966 until March 11, 1985, when he was discharged for excessive tardiness. He filed a claim for unemployment compensation benefits, alleging that much of his tardiness had been caused by a work-related injury, and that he had only been two minutes late on his last day of work. A claims deputy denied him benefits, and he appealed to a referee.

McLean failed to appear on the date scheduled for his hearing before the referee. A representative from Plastics, Inc. appeared at the hearing and explained why McLean had been discharged. McLean's termination letter, indicating that he had been late upon thirteen occasions within the previous twelve months, and that he had received two warnings from his employer concerning his tardiness, was admitted into evidence. Based upon the evidence submitted by the employer, the referee affirmed the claims deputy's decision to deny McLean benefits.

McLean appealed the referee's decision, stating in his request for review:

I was properly notified of the appeal hearing date of 4–25–85. *Somehow I forgot to go to the hearing on 4–25–85.* I was preoccupied with thinking about finding a job and I spent the day of 4–25–85 trying to find a job. I thought

Mark S. Genereux, St. Paul, for relator.

Thomas F. Miller, St. Paul, Hubert H. Humphrey, III, Atty. Gen., James Patrick

the day of 4–25–85 was a Friday instead of a Thursday. *I did not realize I had missed the hearing until 6:00 p.m. on Friday, 4–26–85 when I checked my copy of the notice of appeal.* I hereby request that I be granted a second level of appeal and I wish also to be considered for holding the first level appeal so I can testify to why I was discharged for other than proven misconduct by Plastics on 3–6–85.

(Emphasis supplied.)

A Commissioner's representative refused to remand the matter to allow McLean to present testimony, stating:

> The claimant failed to appear at the hearing before the Referee in this matter essentially because he forgot about it. Unfortunately, this is not considered a sufficient legal reason to justify reopening the hearing process.

The Commissioner's representative affirmed the decision of the referee. As there was no record made of the hearing, the Commissioner's decision was based solely upon the documentary evidence submitted to the referee.

McLean requests further review by this court, claiming that the Commissioner's representative should have reopened this matter for further testimony and that the evidence submitted by Plastics, Inc. did not prove as a matter of law that he was discharged for misconduct.

## ISSUE

Did the Commissioner's representative erroneously determine that McLean was fired for misconduct, rather than remanding to allow McLean to present evidence?

## ANALYSIS

An employee who is discharged for misconduct is disqualified from receiving unemployment compensation benefits. Minn. Stat. § 268.09, subd. 1(2) (1984). The Minnesota Supreme Court defined the term "misconduct" in *Tilseth v. Midwest Lum-*

ber Co.*, 295 Minn. 372, 204 N.W.2d 644 (1973):

> [T]he intended meaning of the term 'misconduct' * * * is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good-faith errors in judgment or discretion are not to be deemed 'misconduct.'

*Id.* at 374–5, 204 N.W.2d at 646 (citation omitted).

An employer has the burden of proving that an employee was discharged for misconduct. *Plowman v. Copeland, Buhl & Co., Ltd.*, 261 N.W.2d 581, 585 (Minn.1977). Once the Commissioner has determined that an employer has met this burden, appellate review is limited to deciding whether there is evidence in the record reasonably tending to support the Commissioner's determination. *White v. Metropolitan Medical Center*, 332 N.W.2d 25 (Minn. 1983).

As we noted in *Smith v. American Indian Chemical Dependency Diversion Project*, 343 N.W.2d 43 (Minn.Ct.App.1984), "[t]he Minnesota Supreme Court has recognized absenteeism as misconduct." *Id.* at 45, citing *Moeller v. Minnesota Department of Transportation*, 281 N.W.2d 879, 882 (Minn.1979).

Despite the fact that McLean was often late for work, he claims that his tardiness was due to a work-related injury and was therefore not wilful or culpable.[1] McLean

---

1. The employer argues that "the attendance program utilized by Respondent-Employer provides

cites *St. Williams Nursing Home v. Koep,* 369 N.W.2d 33 (Minn.Ct.App.1985), where we determined that although an employee had been absent ten times in one calendar year, affirmance of the Commissioner's representative who allowed unemployment benefits was proper. *Williams* is not on point for relator as the worker in *Williams* documented that each absence was due to illness, and in each instance she had notified the employer of her absence prior to the start of her next shift. In *Williams* the Commissioner found that the employee was not disqualified from the receipt of unemployment compensation benefits, and under our scope of review we affirmed the Commissioner's findings. Here we are also affirming the Commissioner's findings.

We have determined that misconduct *may* be present as a matter of law due to an excessive number of absences, despite the fact that there has been no showing of wilfulness. In *Jones v. Rosemount, Inc.,* 361 N.W.2d 118, (Minn.Ct.App.1985), we stated:

> Although there was no showing that Jones' absenteeism was willful or deliberate, it was sufficiently chronic and excessive to demonstrate a lack of concern by Jones for her job.
>
> \* \* \* \* \* \*
>
> Regardless of the reason for her absence on her last day of work, Jones' pattern of persistent absence demonstrated negligent behavior toward her employer, justifying termination and justifying withholding unemployment compensation benefits.

*Jones,* 361 N.W.2d at 120.

 Here we find that the Commissioner's representative properly determined that McLean's excessive absences constituted misconduct, since he had been late thirteen times in twelve months and had received two warnings.

 It is troubling that McLean was not granted his request for remand so that he could rebut his employer's evidence of misconduct. Our research reveals no case where the Commissioner refused to remand when an employer had the burden of proof and an employee had not presented any testimony at the hearing. The present situation is therefore one of first impression. However, we recognize that the Commissioner's representative is accorded deference when determining whether to remand for additional evidence. *See, e.g., Drellack v. Inter-County Community Council, Inc.,* 366 N.W.2d 671, 675 (Minn.Ct.App. 1985); *Schultz v. Machovec Food Market,* 358 N.W.2d 155, 156 (Minn.Ct.App.1984); *Jean Thorne Temporary Service, Inc. v. Elliott,* 351 N.W.2d 393, 395 (Minn.Ct.App. 1984); *Wicker Enterprises, Inc. v. Dahler,* 347 N.W.2d 543, 544 (Minn.Ct.App.1984).

 Here, McLean's reason for failing to appear before the referee was that he thought the hearing was on Friday, instead of Thursday. Yet he did not even check the employer's notice of appeal until 6:00 p.m. on Friday. Under the particular facts of this case, we do not find reasons compelling enough to reverse the Commissioner's decision not to remand.

Although not precedent, we note that in civil actions where a party moves to open a default judgment, mere forgetfulness has been held to be inexcusable neglect which does not justify reopening a default judgment. *See Whipple v. Mahler,* 215 Minn. 578, 10 N.W.2d 771 (1943).

## DECISION

Affirmed.

---

that partial absences documented by a signed physician's statement are not even counted in the employee's attendance total." There is no evidence in the record to substantiate this argument. The only rule in the employer's policy which bears upon signed physicians' statements relates to absences for three or more consecutive days due to illness, which is not the case here. Therefore, relator's claim that his absences were related to his injury was not answered by this argument.