**DIVISION OF EMPLOYMENT SECURITY, Appellant,**

v.

**GARDNER–DENVER MACHINERY, INC., Employer.**

No. WD 52888.

Missouri Court of Appeals, Western District.

March 25, 1997.

Marilyn Green, Mo. Div. of Employment Security, Jefferson City, for appellant.

John R. Phillips, Kansas City, for respondent.

HANNA, Judge.

The appellant, Division of Employment Security, alleges that the Labor and Industrial Relations Commission erred in disallowing unemployment benefits to employee. The commission determined that the employee had been discharged for misconduct connected with work and disallowed benefits, thereby reversing the decisions of the deputy and the appeals tribunal.

Gardner–Denver Machinery has a "no-fault" absence policy which is explained to all employees on their first day of work. The policy does not distinguish between excused and unexcused absences. It utilizes a point system to keep track of employee absences and provides for warnings, suspensions, and terminations at various levels of absence. An employee is suspended when he reaches thirteen points under the policy and is automatically terminated when he reaches fifteen points.

The employee, Donald Walls, worked for Gardner–Denver from July 25, 1994 until he was discharged on January 4, 1996. He was absent a total of 23 days and was tardy or left early on three other occasions. He was given warnings about his absences on February 15 and March 1, 1995, but he did not improve his attendance and was suspended for three days on June 20, 1995. The employee's final absence on January 3, 1996, was due to illness and the evidence showed that he obtained a doctor's note regarding that absence. This was the only absence for which a reason was documented. The employee was terminated for excessive absenteeism on January 4, 1996.

The employee applied for unemployment benefits, and a deputy with the Missouri Division of Employment Security determined that he had not been terminated for misconduct connected with his work and therefore allowed benefits. The appeals tribunal upheld the deputy's decision following a telephone hearing. The Labor and Industrial Relations Commission reversed the decision of the appeals tribunal. The commission examined the employer's absence policy and the employee's continued absences following the two warnings and suspension and determined that the employee had been terminated for misconduct connected with work. The commission therefore denied benefits.

The appellant claims that the employer did not bear its burden of proving that the employee had committed misconduct connected with his work. Appellant argues that the Missouri statute requires the employee's conduct to be willful and wanton and that the employer did not show such conduct by the employee.

■ This court must consider the evidence in the light most favorable to the findings of fact of the commission together with all reasonable inferences which may be drawn therefrom. *Powell v. Division of Employment Sec., Lab. and Indus. Rel. Comm.*, 669 S.W.2d 47, 50 (Mo.App.1984). The decision of the commission will be reversed on appeal only where it is unauthorized by law or unsupported by competent and substantial evidence. *Westerheide Tobacco and Cigar Co. v. Labor and Indus. Rel. Comm.*, 723 S.W.2d 936, 938 (Mo.App.1987). The issue as to whether a finding of the commission that an employee has been discharged for misconduct connected with work is a question of law and therefore this court is not bound by the commission's decision. *Powell*, 669 S.W.2d at 50.

■ Unemployment compensation laws are designed to provide benefits to persons

unemployed through no fault of their own. *Stanton v. Missouri Div. of Employment Sec.,* 799 S.W.2d 202, 203 (Mo.App.1990). Further, absenteeism without any other evidence does not necessarily constitute misconduct. *Garden View Care Center v. Labor and Indus. Rel. Comm.,* 848 S.W.2d 603, 606 (Mo.App.1993); *Powell,* 669 S.W.2d at 51.

■ The absence policy of the employer may have been sufficient to justify discharging the employee, but the determination for receipt of unemployment benefits requires a separate and distinct analysis. *Massey v. Labor and Indus. Rel. Comm.,* 740 S.W.2d 680, 683 n. 1 (Mo.App.1987). Missouri courts have adopted the following definition of misconduct connected with work:

> [M]isconduct ... must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

*Laswell v. Industrial Comm. of Missouri,* 534 S.W.2d 613, 616 (Mo.App.1976) (quoting 76 Am.Jur.2d *Unemployment Compensation* § 52 (1975)).

■ The general rule is that claimant for unemployment benefits has the burden of proving eligibility for those benefits. *Kansas City Club v. Labor and Indus. Rel. Comm.,* 840 S.W.2d 273, 275 (Mo.App.1992). *See also, Business Ctrs. of Mo., Inc. v. Labor and Indus. Rel. Comm.,* 743 S.W.2d 588, 589 (Mo.App.1988). However, when an employer claims that an employee was discharged for misconduct connected with work under § 288.050.2, RSMo 1994, the burden of proof shifts to the employer. *Kansas City Club,* 840 S.W.2d at 275. However, the employer in this case had the burden of proving that the employee was ineligible for benefits because of some misconduct connected with his work. For an employee to be disqualified from benefits for misconduct connected with work, the employer must show that the employee violated a reasonable work rule. *Las-*

*well,* 534 S.W.2d at 616–17. Where an employer introduced evidence of the reasons for an employee's absences, the court in *G.C. Services Ltd. Partnership v. Labor and Indus. Rel. Comm.,* 913 S.W.2d 411 (Mo.App. 1996) held that upon examination, the absences were not due to any willful misconduct on the part of the employee, but instead were due to situations beyond the employee's control and therefore granted her benefits. *Id.*

■ The employer's position here is that a mere violation of the employer's absence policy, without regard to fault of the employee, is misconduct justifying the denial of benefits. Therefore, the employer did not introduce evidence as to why the employee had been absent from work. In his testimony, the employer stated, "in this point system it's not a matter of whether it's excused or not. Even excused absence[s] are absences." The employer did not keep track of the reasons for its employees' absences, and therefore there is no record from which we can determine whether the employee was guilty of misconduct. This case may be distinguished from cases which disallow benefits to employees who have chronic unexcused absenteeism and the employer maintains a record of the reasons for the absences. Without a more substantial explanation for the employee's absences, we cannot say his conduct reached a level sufficient to be misconduct connected with work.

The employer relies on a Minnesota case which has facts similar to the facts in this case. *Jones v. Rosemount, Inc.,* 361 N.W.2d 118 (Minn.App.1985). In that case, the employee was discharged for absenteeism in contravention of the employer's policy. *Id.* at 119. She received three verbal warnings and two written warnings before being terminated. *Id.* The appellate court denied the employee benefits stating that her absences were "sufficiently chronic and excessive to demonstrate a lack of concern by [employee] for her job." *Id.* We do not disagree with *Jones.* However, it is not applicable to the employer's evidence here which simply tallies absences without distinguishing between excused and unexcused absences, and is sufficient to show a lack of concern for her job.

Violation of an employer's absence policy, which may be adequate cause for dismissal, is not, standing alone, necessarily a finding of misconduct connected with work, so as to deny unemployment benefits. Therefore, we reverse the decision of the commission and remand, pursuant to § 288.210, RSMo 1994, to allow unemployment benefits consistent with this opinion.

ULRICH, C.J., P.J., and SMART, J., concur.