Kurt DANIELS, Plaintiff–Appellant,

v.

STATE of Missouri DIVISION OF EMPLOYMENT SECURITY, Defendant–Respondent,

and

Breech Regional Medical Center, Defendant–Respondent.

No. 28614.

Missouri Court of Appeals, Southern District, Division Two.

March 24, 2008.

Kurt Daniels, Phillipsburg, MO, Acting pro se.

Shelly A. Kintzel, Jefferson City, MO, for Respondent Missouri Department of Labor and Industrial Relations Division of Employment Security.

NANCY STEFFEN RAHMEYER, Judge.

This is an appeal from the decision of the Labor and Industrial Relations Commission ("the Commission") disqualifying Kurt Daniels ("Appellant") from receiving unemployment benefits. Appellant contends that the Commission erred in denying those benefits on the ground that the Commission did not consider all of the possible evidence. We find that Appellant has failed to state a reviewable claim under section 288.210, and Appellant's brief does not comply with Rule 84.04(d) in a manner to allow for meaningful review;[1] therefore, the judgment is affirmed.

▮ Our review of the decision by the Commission is governed by section 288.210, which provides, "[t]he findings of the [C]ommission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210. When reviewing a decision of the Commission in an unemployment compensation proceeding,

[w]e examine the whole record to determine the sufficiency of the evidence to support the Commissions decision. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003). A decision that is contrary to the overwhelming weight of the evidence in the record is not supported by competent and substantial evidence. *Id.*

*Barlynn Enterprises, Inc. v. Foell*, 223 S.W.3d 168, 170 (Mo.App. S.D.2007).

Following this standard, the record indicates that Appellant was employed by Breech Regional Medical Center ("Employer") as a registered nurse on December 25, 2006. While on duty, Appellant was responsible for performing an assessment on each of the patients in his care during his shift. One of the patients in Appellant's care was Shannon Dooley ("Patient"), a registered nurse who was also employed by Employer. Patient had been admitted for a fractured foot and vertigo. On December 25, 2006, Patient was on Lovenox, a blood thinner, but was not on any pain medication.

On December 26, 2006, Patient reported to the Vice–President of Nursing that Appellant never conducted an assessment on her during his December 25, 2006 shift. Patient stated that Appellant never physically touched her except to administer an injection about 9:00 p.m., and Patient was certain that Appellant did not conduct an assessment on her. Patient's chart, however, indicated that Appellant had completed the required assessment of Patient at 7:30 p.m., on December 25, 2006, including listening to Patient's lungs and her bowel sounds in all quadrants. Patient's report to the Vice–President of Nursing and the conflicting chart prompted an investigation by Ms. Irish, the Director of Medical Surgery. Ms. Irish conducted her investigation by interviewing Patient, Appellant, a nurse's aide, and others who were patients during Appellant's December 25, 2006 shift.

At the hearing, Appellant testified that he conducted his assessment of Patient

---

**1.** All references to statutes are to RSMo 2000, unless otherwise specified. All rule references are to Missouri Court Rules (2007), unless otherwise specified.

while she was talking on the telephone. Specifically, Appellant testified, "As she was on the phone I did a quick assessment on here [sic], whereas I listened to her lungs, felt her belly was soft, she had bowel sounds, and she had good circulation to her feet. I could not see any distress of the patient or anything, and that is as I charted it." Appellant stated that the assessment took three minutes or less.

Appellant's version of events was rebutted by the testimony of Ms. Irish, who stated that a thorough assessment would have taken longer than three minutes and should not have been conducted while the patient was on the telephone because "you're not going to hear what you need to hear" while the patient was talking. Patient testified that she was awake until at least midnight on December 25, 2006, and would have known if Appellant had conducted an assessment while she was on the telephone because it would have involved physical touching and it would have required that Appellant pull the covers away to look at her leg.

Appellant was discharged for falsifying Patient's medical records. Appellant filed for unemployment compensation on January 3, 2007; however, the Division of Employment Security ("the Division") determined that Appellant was disqualified from receiving benefits because he was discharged for misconduct connected with work. Appellant appealed the decision of the Division to the Division's Appeals Tribunal, pursuant to section 288.190. A telephone hearing was held on February 28, 2007, where Appellant testified and was represented by counsel. The Appeals Tribunal reversed the determination of the Division finding, "the testimony of [Appellant] and [Patient] equally credible," and, therefore, Employer did not meet its burden of demonstrating misconduct.

Employer then appealed to the Commission, pursuant to section 288.200. The Commission reversed the decision of the Appeals Tribunal and disqualified Appellant from receiving unemployment benefits because he committed misconduct connected with work. The Commission found:

The best evidence shows that [P]atient was awake and alert between the hours of 5:00 p.m. and 12:00 midnight. During that time [Appellant] did not perform an assessment on [P]atient, and in fact never physically touched her aside from giving her an injection at 9:00 p.m. This indicates that [Appellant] was not truthful in filling out his paperwork. Such conduct demonstrated a willful and deliberate disregard of [E]mployer's interests and of the standards of behavior that [E]mployer had a right to expect from [Appellant]. This is especially true in light of [Appellant's] line of work as a nurse and the potential seriousness of his actions.

Appellant appeals the decision of the Commission.

 Appellant has filed this appeal *pro se.* Appellant is entitled to appear *pro se* and· is bound "by the same rules of procedure as those admitted to practice law and is entitled to no indulgence [he] would not have received if represented by counsel." *Johnson v. St. Mary's Health Center,* 738 S.W.2d 534, 535 (Mo.App. E.D. 1987). "Failure to comply with the rules of appellate procedure is a proper ground for dismissing an appeal." *Brown v. Ameristar Casino Kansas City, Inc.,* 211 S.W.3d 145, 146 (Mo.App. W.D.2007).

 A cursory review of Appellant's brief shows extreme violations of most provisions of Rule 84.04. In the statement of facts, Appellant does not include one reference to the transcript or legal file. Additionally in the statement of facts, Appellant makes reference to facts that cannot be verified, even after a lengthy review of the transcript. As this evidence is not in the transcript, it is apparent that this evi-

dence was never offered at the original hearing; therefore, it would have been improper for the Appeals Tribunal to hear this information, for the Commission to consider this information, and, likewise, for this Court to consider this evidence since it is squarely outside the record. This Court is unable to review evidence which is presented for the first time on appeal, even when Appellant is appearing *pro se*. *Tucker v. United Healthcare Services, Inc.,* 232 S.W.3d 636, 638–39 (Mo.App. S.D. 2007).

In addition, Appellant's point relied on is defective.[2] Appellant expresses an error that is simply not reviewable by this Court under section 288.210. "Under that section, appellate review in unemployment compensation cases is limited to whether the Commission's decision is supported by competent substantial evidence and authorized by law." *Streitz v. Juneau,* 940 S.W.2d 548, 550 (Mo.App. S.D.1997). Appellant has not challenged whether the decision made by the Commission is supported by competent and substantial evidence. Instead, Appellant argues that, had the court reviewed further evidence, they would have come to a different determination. Specifically, Appellant argues the Commission should have (1) heard from an additional witness, who Appellant did not attempt to call himself, (2) considered certain medical and work history files which were not included in the record, and (3) considered that Patient was under the influence of medication, even though those facts were not presented in the record on appeal.

Appellant, however, fails to recognize two important points. First, Appellant was responsible for presenting all evidence at the hearing. 8 C.S.R. 10–5.015(7)(B). Any evidence which was not before the Commission that may have been relevant to his case should have been presented by Appellant during the initial hearing. It is noteworthy that Appellant was represented by counsel at each of the underlying stages and some evidence was presented at each stage to support Appellant's positions. Second, if Appellant wanted the Commission to consider "new evidence," there is a specific procedure laid out in 8 C.S.R. 20–4.010(5) that would allow Appellant to request the Commission to consider additional evidence. Appellant did not attempt this procedure. Further, as Respondent correctly points out, even if Appellant had followed this procedure, he would have been denied because the relevant evidence was not "new evidence," which is the only additional evidence than can be heard by the Commission at that stage in the proceeding. 8 C.S.R. 20–4.010(5).

"A failure to substantially comply with Rule 84.04 preserves nothing for appellate review." *Burton v. Tucker,* 937 S.W.2d 775, 776 (Mo.App. S.D.1997). If this Court were to review Appellant's points we would be acting as an advocate for him, which we will not do. *Thummel,* 570 S.W.2d at 686. Accordingly, we affirm the judgment.

BARNEY, P.J., and BURRELL, J., concur.

---

2. Although, in argument, Appellant identifies the proper judgment being appealed, in his point relied on Appellant indicates that the "Division of Employment Security erred" rather than referring to the Commission, who issued the reviewable judgment. A point relied on which does not inform the opposing party and the court of the decision being challenged is improper and it should be stricken. *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).