**Tamara VENZ, Appellant,**

v.

**CONVERGYS CUSTOMER MANAGEMENT GROUP, INC. and Division of Employment Security, Respondents.**

**No. ED 94479.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 23, 2010.

---

1. All rule references are to Mo. R.Crim. P.2009, unless otherwise indicated.

John J. Ammann, St. Louis, MO, for Appellant.

Convergys Customer Management, Group, Inc., St. Louis, MO, pro se.

Jeannie D. Mitchell, Division of Employment Security, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Tamara Venz ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") denying her unemployment benefits after she was terminated from Convergys Customer Management Group[1] ("Convergys"). Claimant argues the Commission erred in concluding that she committed misconduct because the Commission's decision (1) was contrary to the law in that it impermissibly put the burden on Claimant to prove her absences were not willful, and (2) was not supported by competent and substantial evidence that Claimant committed miscon-

---

1. Convergys did not file a respondent's brief for this appeal.

duct pursuant to Section 288.210, RSMo 2000.[2] We reverse.

Claimant began working for Convergys on November 10, 2008 as a customer service representative. Convergys utilized a no-fault point system attendance policy. Under the policy, certain point values were assessed for certain incidents of absenteeism, including being tardy or leaving early. The policy provided that within one rolling year if an employee accumulated a certain amount of points, the following disciplinary measures were taken: three points-note to file, six points-verbal warning, nine points-written warning, and twelve points-termination. Claimant was made aware of Convergys' attendance policy when she began working there.

In accordance with the policy, Claimant received a note to her file after reaching three points on January 27, 2009. Claimant also received a verbal warning after she reached six points on March 27, 2009. Claimant received a written warning about her attendance after she reached nine points on June 12, 2009. Claimant reached twelve and one half attendance points on July 14, 2009. On July 15, 2009, her employment was terminated due to absenteeism.

Claimant subsequently applied for unemployment benefits. A deputy denied Claimant's petition for unemployment benefits, finding she was discharged for misconduct connected with work. Claimant appealed this initial determination, and the appeals tribunal affirmed the deputy's decision, finding "the evidence showed that the majority of the points [Claimant] accumulated under the [Convergys] attendance policy, resulting in her discharge, were for absences that were avoidable or willful."

Thus, the appeals tribunal found Claimant's absenteeism constituted misconduct.

Claimant filed an application for review with the Commission. The Commission adopted and affirmed the decision of the appeals tribunal, finding it was supported by the competent and substantial evidence on the whole record and was in accordance with the law.[3] This appeal follows.

The standard of review when reviewing a decision by the Commission on unemployment benefits is contained in Section 288.210, which provides that we may reverse, modify, set aside, or remand a decision by the Commission on the following grounds and no other: 1) that the Commission acted without or in excess of its powers; 2) that the decision was procured by fraud; 3) that the facts found by the Commission do no support the award; or 4) that there was no sufficient competent evidence in the record to warrant the making of the award. *Stewart v. Duke Mfg. Co.*, 292 S.W.3d 495, 497 (Mo.App. E.D.2009). The factual findings of the Commission, if supported by competent and substantial evidence, in the absence of fraud, shall be conclusive and our review shall be limited to questions of law. *Id.* However, whether a claimant's actions constituted misconduct connected with work is a question of law, which we review *de novo*. *Finner v. Americold Logistics, LLC*, 298 S.W.3d 580, 584 (Mo.App. S.D. 2009).

We will address both of Claimant's points at the same time. In her first point, Claimant argues the Commission erred in concluding that she committed misconduct because the Commission's decision was contrary to the law in that it impermissibly put the burden on Claimant to prove her absences were not willful. In

---

**2.** All further statutory references are to RSMo 2000.

**3.** One member of the Commission dissented.

her second point, Claimant argues the Commission erred in concluding that she committed misconduct because the Commission's decision was not supported by competent and substantial evidence.

 Section 288.050.2 provides "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid...." Further, Section 288.030 defines "misconduct" as

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

Although the burden of proving eligibility for unemployment compensation benefits initially lies with the claimant, once an employer alleges that the claimant was discharged for misconduct connected with work, the burden shifts and the employer must demonstrate such misconduct. *Freeman v. Gary Glass & Mirror, LLC*, 276 S.W.3d 388, 391 (Mo.App. S.D.2009). In order to do so, the employer must show, by a preponderance of the evidence, that the claimant willfully violated the rules or standards of the employer or that the claimant knowingly acted against the employer's interest. *Id.* There is a distinction between the violation of an employer's rule justifying the employee's discharge and the violation of an employer's rule that warrants a finding of misconduct connected to the employee's work. *Id.*

In *Division of Employment Sec. v. Gardner–Denver Machinery, Inc.*, 941 S.W.2d 13, 14 (Mo.App. W.D.1997), the Commission determined an employee had been discharged for misconduct connected with work and disallowed benefits. In that case, the court reversed the Commission because the employer did not keep track of the reasons for its employees' absences, and therefore, there was no record from which it could determine whether the employee was guilty of misconduct. *Id.* at 15. The court noted that case could be distinguished from cases which disallow benefits to employees who have chronic unexcused absenteeism where the employer maintains a record of the reasons for the absences. *Id.* However, the court found that without a more substantial explanation for the employee's absences, it could not say the conduct reached a level sufficient to be misconduct connected with work. *Id.*

In this case, Claimant incurred attendance infractions and was assessed points as follows: three points on January 27, 2009, six points on March 27, 2009, nine points on June 12, 2009, and twelve and one half attendance points on July 14, 2009. On July 15, 2009, her employment was terminated due to absenteeism.

Although Employer did not keep records indicating the reasons for the infractions leadings to these points, Claimant did testify as to the reasons for some of them. In particular, the Commission found Claimant's absence for shifts on November 28, 2008, and May 4, June 27, July 13, and July 14, 2009 was not willful. The Commission found the absence on January 12, 2009, when Claimant left work after thirty minutes because she was excited and anxious about the birth of her grandson, was willful. However, with respect to the remaining occurrences, there was no record as to why Claimant was absent.

It is clear that the Commission erred in placing the burden on Claimant to explain

her attendance infractions.[4] Once an employer alleges that the claimant was discharged for misconduct connected with work, the burden shifts and the employer must demonstrate such misconduct. *Freeman*, 276 S.W.3d at 392. The misplaced burden is demonstrated by the Commission's decision, which stated it did

> not believe that [the January 12, 2009] incident rose to the level of a family emergency such that [C]laimant's absence was not willful. With respect to the remaining occurrences of the [C]laimant's absence, the [C]laimant did not recall why she was absent. Thus, with respect to those occurrences, the evidence failed to show that the [C]laimant's absences were unavoidable or unwillful.

Claimant provided an explanation for the January 12, 2009 absence, and the Commission's finding above makes it clear that the Commission was placing the burden on Claimant to show her absence was not willful. Because Claimant did not provide reasons for the other infractions, the Commission improperly found Claimant had not met her burden. As a result, the Commission concluded "the evidence showed that the majority of the points [Claimant] accumulated under the under [Convergys] attendance policy, resulting in her discharge, were for absences that were avoidable or willful. As such, [the Commission found] that the [C]laimant's absenteeism constituted misconduct."

Thus, if we apply the correct burden, we find the evidence shows the absences on November 28, 2008, and May 4, June 27, July 13, and July 14, 2009 were not willful. The only arguable willful absence occurred on January 12, 2009. There is no evidence concerning the avoidableness or willfulness of the remaining absences and infractions. Thus, there is no evidence that the majority of points Claimant accumulated under the Convergys attendance policy, resulting in her discharge, were for absences that were avoidable or willful. Therefore, under the correct burden, the record does not support the conclusion that Claimant's attendance infractions amounted to misconduct.

Therefore, the Commission erred in concluding that Claimant committed misconduct because the Commission's decision was contrary to the law in that it impermissibly put the burden on Claimant to prove her absences were not willful. We further note that under the correct burden the Commission's decision was not supported by competent and substantial evidence. Points granted.

The decision of the Commission is reversed.

KURT S. ODENWALD, P.J. and NANNETTE A. BAKER, J., concur.

---

4. Section 288.050.3 provides: "Absenteeism or tardiness may constitute a rebuttable assumption of misconduct, regardless of whether the last incident alone constitutes misconduct, if the discharge was the result of a violation of the employer's attendance policy, provided the employee had received knowledge of such policy prior to the occurrence of any absence or tardy upon which the discharge is based." Thus, there could have been some basis for shifting the burden onto Claimant to prove her attendance infractions did not constitute misconduct. However, in this case, the Commission only makes a passing reference to Section 288.050.3 before analyzing and deciding the case according to Section 288.030.1(23), the statute defining misconduct. In reversing the Commission in *Williams v. Enterprise Rent–A–Car Shared Services, LLC,* 297 S.W.3d 139, 143 (Mo.App. E.D.2009), we similarly found that the Commission relied on the section 288.030.1(23), which defines misconduct, and did not base its finding on Section 288.050.3.