Orlando STEWART,
Claimant/Respondent.

v.

DUKE MANUFACTURING CO.,
Employer/Appellant,

and

Division of Employment Services,
Respondent.

No. ED 92371.

Missouri Court of Appeals,
Eastern District,
Division Five.

Aug. 18, 2009.

Stanley G. Schroeder, Corey L. Franklin, Whitney D. Pile, The Lowenbaum

---

Partnership, L.L.C., St. Louis, MO, for appellant.

Shelly A. Kintzel, Jefferson City, MO, for respondents.

### KENNETH M. ROMINES, C.J.

### Introduction

Appellant, Duke Manufacturing Co., appeals the judgment of the Labor and Industrial Relations Commission (Commission) regarding their decision that Orlando Stewart (Claimant) was not disqualified from receiving unemployment benefits. We reverse.

### Factual and Procedural Background

On 19 August 2007 Claimant began employment at Duke Manufacturing. Prior to Claimant's employment Duke Manufacturing adopted a drug and alcohol policy which prohibits its employees from being present on company property with detectable levels or identifiable quantities of certain drugs, including cocaine. The policy includes random testing of employees and the penalty for violating the policy is removal from Duke Manufacturing's property and disciplinary action, up to and including termination of employment. Before beginning employment Claimant reviewed the policy and signed an acknowledgment of receipt, stating he read and understood the policy.

On 14 May 2008 Claimant was randomly selected to take a drug test. The test was performed at Barnescare Clinic, which was certified to conduct drug testing by the Department of Health and Human Services (DHHS). There, he gave a urine specimen, initialed a set of tamper evident seals to be affixed on the bottle and signed a custody control form. On 22 May 2008 a Medical Review Officer (MRO) informed Duke Manufacturing's Vice President of Administration that Claimant's specimen tested positive for cocaine. The Vice President informed Claimant that he had tested positive for cocaine. Claimant then asked the Vice President if there was "something else that we can try to, you know get around this." The Vice President then left the room in order for Claimant to speak to the MRO. Claimant did not request a confirmation test.

A deputy of the Division of Employment Security (Division) concluded that Claimant was ineligible for unemployment benefits because the Claimant was discharged by Duke Manufacturing for misconduct connected with work. Claimant appealed to the Appeals Tribunal which reversed the Deputy's decision because it found that the provisions of § 288.045.6[1] were not met in that the drug test did not follow all of the Department of Transportation (DOT) procedures by having a second test. Duke Manufacturing then filed an application for review with the Commission. The Commission affirmed the Tribunal's decision finding that the drug test was deficient for not having a second test. This appeal follows.

### Discussion

Initially, we note that Claimant failed to file a brief with this court. While this does not violate any rules or statutes, "it is an imposition on the court that leaves us without the benefit of Claimant's research and insight." *Missouri Forge, Inc. v. Turner,* 118 S.W.3d 313, 316 (Mo.App. S.D.2003). While we are required to decide the case regardless of whether Claimant prepares a brief, we are not to become an advocate

1. All references to § 288.045 are to Missouri Revised Statutes, 2006 Cumulative Supplement.

for Claimant. *Rhodes v. Blair*, 919 S.W.2d 561, 563, 565 (Mo.App. S.D.1996).

Appellant's first point on appeal states that the Commission erred because it based its determination that Claimant was not disqualified for unemployment benefits based upon facts beyond the record. Appellant's second point on appeal states that the Commission erred in that its decision regarding the second test was not supported by competent and substantial evidence.

■ The standard of review when reviewing a decision by the Commission on unemployment benefits is contained in § 288.210 RSMo (2000), which provides that this court may reverse, modify, set aside, or remand a decision by the Commission on the following grounds and no other: 1) that the Commission acted without or in excess of its powers; 2)·that the decision was procured by fraud; 3) that the facts found by the Commission do no support the award; or 4) that there was no sufficient competent evidence in the record to warrant the making of the award. The factual findings of the Commission, if supported by competent and substantial evidence, in the absence of fraud, shall be conclusive and our review shall be limited to questions of law. *Lashea v. Fin–Clair Corp.*, 30 S.W.3d 237, 240 (Mo.App. E.D. 2000).

■ Under § 288.045.1, if the Claimant is at work with a detectable amount of controlled substance in his system, in violation of the employer's alcohol and controlled substance workplace policy, the Claimant engaged in work-related misconduct. Such misconduct is established when all the relevant provisions from the subsections of § 288.045 are met.

§ 288.045.2 requires that the drug test be conducted by a laboratory certified by the DHHS, and that the laboratory's report and the Custody Control Form accompanying the specimen be admitted into evidence. Here, Barnescare Clinic is a laboratory certified by the DHHS and both the laboratory's report and the Custody Control Form accompanying the specimen were admitted into evidence, meeting the provisions of § 288.045.2.

§ 288.045.3 and § 288.045.4 require that the Claimant be previously notified of the employer's written alcohol and controlled substance workplace policy which states that a positive test may result in termination of employment, and that those tests may be conducted randomly. Here, Claimant was previously notified of, and acknowledged with his signature, the alcohol and controlled substance workplace policy of Duke Manufacturing. That Policy included provisions that his employment might be terminated if he tested positive and that he was subject to random testing, satisfying § 288.045.3 and § 288.045.4.

§ 288.045.6 requires that all specimen collection under this chapter shall be performed in accordance with the procedures provided for by the DOT. By conducting their tests at a DHHS certified laboratory and admitting the Custody Control Form into evidence Duke Manufacturing performed their duty under the statute to show that the tests were performed in accordance with the procedures provided for by the DOT. In finding otherwise the Commission misapplied the law. Duke Manufacturing took all necessary steps to insure proper procedures were followed by using a DHHS certified laboratory to perform the test; this record has no evidence to the contrary.

§ 288.045.7 does not apply in the case as it only applies when a confirmation test is requested. Here, the record is clear that Claimant did not request that a confirmation test be performed on his specimen;

instead he asked if there was anything he could do to "get around this."

The Commission misapplied the law. This cause is reversed and claimant is disqualified from receiving unemployment benefits.

CLIFFORD H. AHRENS, J., and ROY L. RICHTER, J. concur.