Martin ZYCH, Appellant,

v.

WILSON WASTE SYSTEMS, LLC
and Division Of Employment
Security, Respondents.

No. ED 99204.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 2013.

Martin Zych, Wright City, MO, pro se for Appellant.

Wilson Waste Systems, LLC, Warrenton, MO, pro se, Larry R. Ruhmann, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Martin Zych ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") denying his petition for unemployment benefits. Claimant argues the Commission erred in finding he committed misconduct because Claimant was confused by the drug policy of Wilson Waste Systems ("Employer") and did not willfully violate the drug policy. We affirm.

■ Claimant worked for Employer as a thrower/helper. Employer had a policy of administering random drug tests. Employer's policy was described in the manual employees received. Claimant signed a receipt acknowledging he received the manual and had read and understood the policies contained therein. Further, Claimant knew refusing to submit to a drug test was grounds for termination.

Claimant was randomly selected for drug testing. Claimant called Jeremy Stanek ("Stanek"), the vice president of Employer, and told him he would not be able to pass the drug test and refused to take it. Claimant did not state why he believed he would fail the drug test. Stanek told Claimant if he did not take the test, he would not be able to work for Employer. Claimant refused the drug test and was terminated the same day because he refused the drug test.

Claimant filed a claim for unemployment benefits with the Division of Employment Security ("the Division"). The deputy determined Claimant was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with work. The deputy noted Claimant was discharged because he refused to take a drug test.

Claimant appealed to the appeals tribunal. The appeals tribunal held a telephone conference at which Claimant and one witness for Employer testified. The appeals tribunal made the following findings of fact: On June 20, 2012, Claimant was randomly chosen for a drug test under Employer's drug testing policy. Claimant testified he refused the test because he had a torn meniscus and had been prescribed hydrocodone for pain and did not want a failed drug test on his record. Claimant was aware that refusal to take a drug test was grounds for termination. Claimant told Employer he would not pass and was immediately discharged. At the time the test was to be taken, Claimant never attempted to explain why he believed he would fail the test. Employer's drug policy states only illegal drugs are prohibited. Finally, the appeals tribunal noted Employer credibly testified a legal prescription can be shown to verify false-positive results from the use of those prescription drugs.

The appeals tribunal concluded Claimant's actions were not reasonable under the circumstances. The appeals tribunal noted Claimant did not attempt to explain why he believed he would not pass and merely refused to comply with Employer's reasonable demand regarding a drug testing policy of which he was aware. Thus, the appeals tribunal found Claimant's refusal was a willful and intentional act contrary to Employer's interests, thus qualifying as misconduct rather than a mere act of poor judgment. The appeals tribunal found Claimant was disqualified from receiving unemployment benefits because he

was discharged for misconduct connected with work.

Claimant then appealed to the Commission, which found the appeals tribunal's decision was fully supported by the competent and substantial evidence on the whole record and was in accordance with Missouri Employment Security Law. Thus, the Commission adopted the decision of the appeals tribunal as its decision in this matter. This appeal follows.

■ The standard of review when reviewing a decision by the Commission on unemployment benefits is contained in Section 288.210, RSMo 2000,[1] which provides that we may reverse, modify, set aside, or remand a decision by the Commission on the following grounds: 1) that the Commission acted without or in excess of its powers; 2) that the decision was procured by fraud; 3) that the facts found by the Commission do not support the award; or 4) that there was no sufficient competent evidence in the record to warrant the making of the award. *Stewart v. Duke Mfg. Co.*, 292 S.W.3d 495, 497 (Mo. App. E.D.2009). The factual findings of the Commission, if supported by competent and substantial evidence, in the absence of fraud, shall be conclusive and our review shall be limited to questions of law. *Id.* However, whether a claimant's actions constituted misconduct connected with work is a question of law, which we review *de novo*. *Finner v. Americold Logistics, LLC*, 298 S.W.3d 580, 584 (Mo.App. S.D. 2009).

In his sole point, Claimant argues the Commission erred in finding he committed misconduct because Claimant was confused on the drug policy of Employer and did not willfully violate the drug policy. We disagree.

■ Section 288.050.2 provides "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid . . . ." Further, Section 288.030 defines "misconduct" as

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

Although the burden of proving eligibility for unemployment compensation benefits initially lies with the claimant, once an employer alleges that the claimant was discharged for misconduct connected with work, the burden shifts and the employer must demonstrate such misconduct. *Freeman v. Gary Glass & Mirror, LLC*, 276 S.W.3d 388, 391 (Mo.App. S.D.2009). In order to do so, the employer must show, by a preponderance of the evidence, that the claimant willfully violated the rules or standards of the employer or that the claimant knowingly acted against the employer's interest. *Id.* There is a distinction between the violation of an employer's rule justifying the employee's discharge and the violation of an employer's rule that warrants a finding of misconduct connected to the employee's work. *Id.* In every contract of employment, it is implied that the employee will obey the lawful and reasonable rules, orders, and instructions of the employer. *Dixon v. Stoam Industries, Inc.*, 216 S.W.3d 688, 693 (Mo.App. S.D.

---

1. All further statutory references are to RSMo 2000, unless otherwise indicated.

2007). A single instance of intentional disobedience of an employer's directive can constitute misconduct. *Finner v. Americold Logistics, LLC,* 298 S.W.3d 580, 584 (Mo.App. S.D.2009).

Here, Claimant contends Employer failed to satisfy its burden to prove Claimant committed misconduct connected with work. Claimant testified he refused the test because he had a torn meniscus and had been prescribed hydrocodone for pain and did not want a failed drug test on his record. Claimant also testified he thought he would be fired for a failed test, regardless of whether or not medication had been prescribed.

We find the Commission did not err in concluding Claimant's actions were not reasonable under the circumstances. The record shows Claimant received and understood the manual containing Employer's drug test policy. Claimant was not aware of any policy relating to prescription drugs. However, he was aware of Employer's drug test policy, yet he refused the drug test. Claimant also testified he knew he could be fired for refusing the test. Further, at the time, Claimant did not explain to Employer why he believed he would not pass the test. Later, at the hearing, Claimant explained he had been taking prescription hydrocodone, but Employer had no way of knowing that at the time Claimant was discharged. Thus, the Commission's determination that Claimant willfully violated Employer's rule is supported by competent and substantial evidence.

Therefore, the Commission did not err in finding Claimant was disqualified from receiving unemployment compensation because Claimant committed misconduct connected with his work. Point denied.

The decision of the Commission is affirmed.

ROY L. RICHTER, J. and ANGELA T. QUIGLESS, J., concur.