

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| DANIN GRAY, | ) | No. ED99858 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | Filed: |
| Respondent. | ) | February 25, 2014 |

Danin Gray ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") finding she willfully failed to report earnings while claiming unemployment benefits. Claimant argues the Commission erred in finding she committed fraud because Claimant unknowingly failed to report her part-time income in that she did not realize there was an unemployment policy requiring her to report such income. Claimant also argues she was improperly assessed the one hundred percent penalty under Section 288.380.9(1), RSMo 2000[1], because of her prior fraudulent overpayment.

During the time Claimant was claiming unemployment benefits, she was teaching online courses lasting approximately nine to twelve weeks for the University of Phoenix. Claimant was paid a flat rate for each course, but was partially paid at the beginning of the course and then paid-in-full once the course was completed. As an instructor,

---

[1] All further statutory references are to RSMo 2000, unless otherwise indicated.

Claimant was required to log online at least four days a week to monitor online discussions, grade papers, and be available to assist students.

The Division of Employment Security ("DES") made three overpayment determinations against Claimant for the periods: May 22, 2011 to December 24, 2011, January 1, 2012 to May 26, 2012 and June 10, 2012 to June 23, 2012. The deputy determined Claimant was overpaid for each of the three periods because she was paid benefits while earning more than her earnings allowance. Claimant had a weekly benefit amount of $320.00 and an earning allowance of $64.00. She was overpaid $3,047 for the first period, $348 for the second period and $4,044 for the third period. Additionally, DES assessed Claimant an overpayment penalty equal to the amount of overpaid benefits for each period.

Claimant appealed these determinations to the appeals tribunal and a hearing was held on each matter. At the appeals tribunal meeting, Mr. David Strange testified on behalf of DES. Mr. Strange testified that Claimant should have reported her teaching wages to DES while filing unemployment claims. Claimant disagreed that she should have reported her wages weekly because she was paid at the beginning and at the end of the course and because she did not know of this requirement. Mr. Strange testified DES's internet form enabling individuals to file their weekly claim for benefits provides instructions reminding individuals that they must report their earnings, even if they have not been paid. The online form also provides a hyperlink and telephone help lines for individuals with questions regarding their claims for benefits. Mr. Strange further testified Claimant was assessed a one hundred percent penalty under Section 288.380.9(1), because the statute mandates that if DES has a record of prior

2

overpayment, a one hundred percent penalty is assessed. DES made a prior fraudulent overpayment determination against Claimant in 2002. The appeals tribunal concluded that Claimant willfully failed to report earnings and was overpaid $3,047 for the period of May 22, 2011 through December 24, 2011, $348 for January 1, 2012 through May 26, 2012 and $4,044 for June 16, 2012 through June 23, 2012. The appeals tribunal held that the one hundred percent penalty was properly applied to each of the three determinations and cancelled any wage credits accrued as of June 28, 2012.

Claimant then appealed to the Commission, which affirmed the decisions of the appeals tribunal, holding that for each period, the record was fully supported by competent and substantial evidence on the whole record. Thus, the Commission adopted the decisions of the appeals tribunal as its decision in this matter. These three cases were consolidated and this appeal follows.

The standard of review when reviewing a decision by the Commission on unemployment benefits is contained in Section 288.210, which provides that we may reverse, modify, set aside or remand a decision by the Commission on the following grounds: 1) that the Commission acted without or in excess of its powers; 2) that the decision was procured by fraud; 3) that the facts found by the Commission do not support the award; or that there was no sufficient competent evidence in the records to warrant the making of the award. Stewart v. Duke Mfg. Co., 292 S.W.3d 495, 497 (Mo. App. E.D. 2009). The factual findings of the Commission, if supported by competent and substantial evidence, in the absence of fraud, shall be conclusive and our review shall be limited to questions of law. Id. However, we review questions of law independently, and

are not bound by the Commission's findings on those questions. Ayers v. Sylvia Thompson Residence Ctr., 211 S.W.3d 195, 197-198 (Mo. App. W.D. 2007).

In her first point, Claimant argues the Commission erred in finding she committed fraud because Claimant was not compensated weekly for teaching courses and also because she did not know she should report her income paid at the beginning and at the end of each course she taught. We disagree.

Unemployment compensation proceedings are governed by Chapter 288, the Missouri Employment Security Law. These provisions, created for the benefit of persons unemployed through no fault of their own, require liberal construction and disqualifying provisions of the law are to be strictly construed against the disallowance of benefits to unemployed but available workers. Croy v. Div. of Employment Sec., 187 S.W.3d 888, 892 (Mo. App. S.D. 2006). Generally, a claimant has the burden of showing that he or she is entitled to unemployment benefits. McClelland v. Hogan Pers., L.L.C., 116 S.W.3d 660, 664 (Mo. App. W.D. 2003).

Section 288.380.9(1) provides

"[a]ny individual or employer who receives or denies unemployment benefits by intentionally misrepresenting, misstating, or failing to disclose any material fact has committed fraud. After the discovery of facts indicating fraud, a deputy shall make a written determination that the individual obtained or denied unemployment benefits by fraud and that the individual must promptly repay the unemployment benefits…."

Here, Claimant contends she did not fail to disclose her wages because she thought they should only be reported when paid and she was not paid on a weekly or bi-weekly schedule. Although the university did not divide Claimant's pay among the course weeks, her wages paid before and after the course were intended as payment for teaching the nine to twelve weeks of that course between those pay dates. Claimant also

4

contends that she was unaware of a policy stating she should record her income and work during the course weeks. DES's internet form to file claims for benefits provides instructions on reporting earnings and also provides a hyperlink and telephone help lines for individuals with questions regarding their claims. Additionally, DES maintains a record of responses when people are asked if they have worked during the week they are claiming benefits. During the three periods of May 22, 2011 through December 24, 2011, January 1, 2012 through May 26, 2012 and June 16, 2012 through June 23, 2012, Claimant was teaching online courses for the University of Phoenix, but she indicated to DES that she did not work.

We find the Commission did not err in concluding Claimant's actions were not reasonable under the circumstances. The record shows that Claimant performed work to fulfill her requirements as an instructor each week of the three periods during which she received unemployment benefits. Even if Claimant was unsure of how to report earnings, she still chose to report to DES that she was not working during those periods when she was, in fact, working.

In her second point, Claimant contends she should not be penalized one hundred percent of the amount fraudulently obtained as her prior fraudulent overpayment determination was settled and paid in 2002. The law says the one hundred percent penalty may be assessed because of any prior overpayment, not only those prior determinations that remain unpaid or unresolved.

Section 288.380.9(1) provides that in addition to repaying the unemployment benefits,

> "[i]f division records indicate that the individual or employer had a prior established overpayment or record of denial due to fraud, the deputy shall,

5

on the present overpayment or determination, assess a penalty equal to one hundred percent of the amount fraudulently obtained."

DES made a prior fraudulent overpayment determination against Claimant in 2002. Claimant did not appeal that overpayment determination.

Therefore, the Commission did not err in finding Claimant willfully failed to report earnings while claiming unemployment benefits.

The decision of the Commission is affirmed.

ROBERT G. DOWD, JR., Judge

Lawrence E. Mooney, P.J. and
Sherri B. Sullivan, J., concur.