

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| CYNTHIA MENENDEZ, | ) | No. ED101860 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | Filed: |
| Respondent. | ) | March 17, 2015 |

Cynthia Menendez ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") denying her petition for unemployment benefits. Claimant argues the Commission erred in finding Claimant engaged in misconduct connected with her work because Claimant's early removal of a patient's sutures was an isolated act of negligence. We reverse.

Claimant was employed by Tesson Heights Orthopaedics and Arthroscopic Associates ("Employer") as a medical assistant for ten years until she was discharged April 4, 2014. Claimant was terminated because she prematurely removed a patient's sutures. Claimant did not have the doctor's permission to remove the sutures. The patient had to undergo a second surgery to replace the sutures because the wound opened up again. Employer terminated Claimant because she "failed to use reasonable judgment in removing [the] sutures," but Employer told Claimant she would "be eligible for unemployment benefits."

Subsequently, a deputy with the Division of Employment Security determined Claimant was discharged for misconduct connected with her work. Thus, Claimant was denied unemployment benefits.

Claimant appealed to the appeals tribunal, which held a telephone hearing at which Claimant was the only participant. Claimant testified she was angry with a co-worker and did not read the date on the patient's chart correctly to notice his sutures were not to be removed for another week. The appeals tribunal found Claimant could have waited for the doctor to see the patient before removing the sutures, but she did not. Further, it found Claimant did not exercise reasonable care because she did not properly read the chart. Thus, the appeals tribunal affirmed the deputy's determination that Claimant was not entitled to unemployment benefits because she was discharged for misconduct connected with her work.

Claimant then filed an application for review with the Commission. The Commission affirmed and adopted the decision of the appeals tribunal. This appeal follows.

In her sole point, Claimant argues the Commission erred in finding Claimant engaged in misconduct connected with her work because Claimant's early removal of a patient's sutures was an isolated act of negligence. We agree.

The standard of review when reviewing a decision by the Commission on unemployment benefits is contained in Section 288.210, RSMo 2000,[1] which provides that we may reverse, modify, set aside, or remand a decision by the Commission on the following grounds: 1) that the Commission acted without or in excess of its powers; 2) that the decision was procured by fraud; 3) that the facts found by the Commission do

---

[1] All further statutory references are to RSMo 2000, unless otherwise indicated.

not support the award; or 4) that there was no sufficient competent evidence in the record to warrant the making of the award. Stewart v. Duke Mfg. Co., 292 S.W.3d 495, 497 (Mo. App. E.D. 2009). The factual findings of the Commission, if supported by competent and substantial evidence, in the absence of fraud, shall be conclusive and our review shall be limited to questions of law. Id. However, whether a claimant's actions constituted misconduct connected with work is a question of law, which we review *de novo*. Finner v. Americold Logistics, LLC, 298 S.W.3d 580, 584 (Mo. App. S.D. 2009). We must accept the Commission's judgment of evidence and defer to the Commission on determinations regarding the evidence and the credibility of witnesses. Murphy v. Aaron's Automotive Products, 232 S.W.3d 616, 620 (Mo. App. S.D. 2007). Where, as here, the Commission adopts the decision of the appeals tribunal, we consider the appeals tribunal's decision to be the Commission's for purposes of review. Sheridan v. Division of Employment Sec., 425 S.W.3d 193, 198-99 (Mo. App. W.D. 2014).

Section 288.050.2, RSMo Cum. Supp. 2009, provides "[i]f a deputy finds that a claimant has been discharged for misconduct connected with the claimant's work, such claimant shall be disqualified for waiting week credit and benefits, and no benefits shall be paid . . .." Further, Section 288.030, RSMo Cum. Supp. 2009, defines "misconduct" as

> an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

Although the burden of proving eligibility for unemployment compensation benefits initially lies with the claimant, once an employer alleges that the claimant was discharged

3

for misconduct connected with work, the burden shifts and the employer must demonstrate such misconduct. Freeman v. Gary Glass & Mirror, L.L.C., 276 S.W.3d 388, 391 (Mo. App. S.D. 2009). In order to do so, the employer must show, by a preponderance of the evidence, that the claimant willfully violated the rules or standards of the employer or that the claimant knowingly acted against the employer's interest. Id. There is a distinction between the violation of an employer's rule justifying the employee's discharge and the violation of an employer's rule that warrants a finding of misconduct connected to the employee's work. Id.

In Seck v. Department of Transportation, 434 S.W.3d 74, 82-83 (Mo. banc 2014), the Supreme Court examined each category of behavior in the definition of misconduct. The Supreme Court noted a single act in disregard of the employer's interest can constitute misconduct for purposes of Section 288.030, but only if the employee's disregard for that interest is "wanton or willful." Id. at 82. Moreover, a single violation of employer's rules can be misconduct, but only if it was deliberate. Id. at 83. Also, even in the absence of an oral or written rule, an employee commits misconduct if he or she disregards the standards of behavior which the employer has a right to expect. Id. Lastly, simple negligence can constitute misconduct, but only if the nature or recurrence of the employee's action demonstrates the employee's motive or purpose was to injure the employer or the employee's disregard of those interests was intentional and substantial. Id. at 82-83.

In this case, Claimant's premature removal of the sutures was not "wanton or willful," nor was it a deliberate violation of Employer's rules. Moreover, it was an isolated mistake by Claimant and its nature does not indicate it was done to purposely injure Employer or to intentionally disregard Employer's interests. Thus, the question is

4

whether Claimant disregarded standards of behavior which Employer had a right to expect and in so doing committed misconduct. We find she did not.

We have repeatedly held that poor workmanship and mere negligence do not rise to the level of misconduct. Dixon v. Division of Employment Sec., 106 S.W.3d 536, 541 (Mo. App. W.D. 2003). The context of the term "disregard" in the definition of misconduct indicates, instead, that disregard of the standards of behavior means "an intentional slight." Id. This meaning of the term "disregard" is consistent with the other definitions of "misconduct" and consistent with the holdings of cases utilizing the "disregard of the standards of behavior which the employer has the right to expect of his employee" definition to find misconduct. Id.

As Employer has pointed out, if there is one unique area of employment law where strict compliance with protocol and military-like discipline is required, it is in the medical field. Pemiscot County Memorial Hosp. v. Missouri Labor & Industrial Relations Com'n, 897 S.W.2d 222, 228 (Mo. App. S.D. 1995). However, in that case, the court found the employee was not guilty of misconduct for performing an invasive procedure on a patient without proper authorization. Id. While a mistake in the medical field might have more serious consequences than a mistake in a non-medical job, our analysis is the same. We still require some kind of "intentional slight" to find misconduct in this type of circumstance. Dixon, 106 S.W.3d at 541.

In Hoover v. Community Blood Center, 153 S.W.3d 9, 10 (Mo. App. W.D. 2005), an employee was counseled about three errors she had made in either reviewing donor history forms or failing to place unit number labels on the donation bags. Those mistakes had resulted in the destruction of the collected blood units. Id. Subsequently, the employee failed to place a unit number label on the corresponding donor history form,

5

and when this mistake was later discovered, the blood unit was destroyed. Id. Next the employee failed to notice that a potential donor had indicated on her donor history form that she did not feel well that day. Id. When the oversight on the donor history form was later discovered, the blood unit was destroyed. Id. at 11. Lastly, the employer received a complaint from a donor, who was upset by comments that the employee made to her while discussing the donor's upcoming knee-replacement surgery. Id. The employee was subsequently terminated and was denied unemployment benefits because she was discharged for misconduct connected with her work. Id. at 12. The Commission specifically found the employee "disregarded the employer's interest and expected standards of behavior by causing units of blood to be destroyed and by making inappropriate remarks to a donor about the donor's surgery." Id. at 14.

In Hoover, the employee appealed and our colleagues on the Western District found the mistakes made by the employee constituted acts of negligence and/or poor workmanship and were reasonable grounds for firing the employee, but concluded poor workmanship and mere negligence do not rise to the level of misconduct for purposes of the unemployment compensation law. Id. With respect to the comments the employee made to the donor, the court specifically examined whether the employee intended to disregard the standard of behavior her employer had the right to expect from her in making those statements. Id. The court found the Division of Employment Security never asserted the employee's comments were the result of anything more than a lack of judgment. Thus, in reversing the Commission's decision, they concluded "the evidence simply does not support a determination that [the employee's] comments were the result of anything more than simple lack of judgment and, therefore, does not establish that [the

6

employee] intentionally disregarded the standards of behavior that her employer had the right to expect of its employees.  Id. at 15.

Similarly, there is no evidence in this case that Claimant's action in removing the sutures prematurely was meant to be an "intentional slight" to Employer.  Instead, all of the evidence indicates it was an isolated act of negligence.  We note, unlike in Hoover, the Claimant had no other violations.   As such, Claimant's isolated act of prematurely removing the sutures will not support a finding that Claimant was guilty of misconduct connected with her work.

Therefore, we find the Commission erred in finding Claimant engaged in misconduct connected with her work.  Point granted.

The decision of the Commission is reversed.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.