

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DONALD CLAY, JR., | ) | No. ED103355 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| vs. | ) | 15-08204 R-A |
| | ) | |
| FEHLIG BROTHERS BOX & LUMBER | ) | |
| COMPANY AND DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | Filed: April 5, 2016 |
| Respondents. | ) | |

### OPINION

Donald Clay, Jr. appeals from the Labor and Industrial Relations Commission's (the "Commission") determination that he was disqualified from receiving unemployment benefits because he committed misconduct in connection with his employment at Fehlig Brothers Box & Lumber ("Employer"). Clay contends that the Commission erred because it improperly placed the burden on him to prove that he did not commit misconduct. We disagree and affirm.

**Factual and Procedural Background**

Clay worked for Employer from July 2011 until his termination in May 2015. During approximately the last year of Clay's employment, his duties consisted primarily of driving a truck. He knew that Employer expected him to maintain his driver's license in good standing.

Clay received a court fine as the result of a February 2014 speeding ticket. Clay failed to pay the fine, though he alleges that he did not do so purposefully. The court issued a warrant and suspended Clay's driver's license. Clay claims that he was completely unaware of the suspension or the warrant until May 5, 2015, when Employer informed him that its new insurance company would not provide driver's insurance for Employer or Clay because he was driving on a suspended license. Employer allowed Clay a few days to verify the suspension, and Clay confirmed that his license was suspended due to his failure to pay the fine.

The Commission "found it difficult to believe that [Clay] could be completely unaware [before May 5, 2015] that the court had suspended his license." On May 12, 2015, Employer discharged Clay primarily because his license was suspended and he was thus unable to perform the most important part of his job—driving a truck.

**Standard of Review**

We review the Commission's decision to determine whether it is "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V, section 18. We must affirm the Commission's decision unless (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) the record lacks sufficient competent evidence to support the award. Section 288.210[1]; *Menendez v. Div. of Emp't Sec.*, 461 S.W.3d 837, 839 (Mo.App.E.D. 2015). The Commission's factual findings, if supported by competent and substantial evidence, and in the absence of fraud, shall be conclusive, and our review is limited to questions of law. *Id.* Whether the Commission's factual findings support a finding of misconduct connected with work is a question of law, and we review this issue *de novo*. *Seck v. Dept. of Transp.*, 434

---

[1] All statutory references are to RSMo 2012 unless otherwise indicated.

S.W.3d 74, 78 (Mo.banc 2014); *Menendez*, 461 S.W.3d at 839. In doing so, we do not reweigh the evidence; the Commission judges the weight to be given to conflicting evidence and the credibility of witnesses. *Panzau v. JDLB, Inc.*, 169 S.W.3d 122, 126 (Mo.App.E.D. 2005). Instead, we merely determine whether, as a matter of law, the Commission correctly found misconduct based on the weight it gave to the evidence.

**Discussion**

We turn to Clay's sole contention that the Commission erred because it improperly imposed on him the burden of affirmatively prove that he had not committed misconduct when that burden rests with the employer.

As a general rule, unemployment benefits are reserved for persons unemployed through no fault of their own. *Seck*, 434 S.W.3d at 82. A claimant is ineligible for unemployment compensation benefits where the employer discharged him for misconduct connected with his work. Section 288.050.2; *Seck*, 434 S.W.3d at 82.

Under the 2014 amendments to section 288.030.1(23)[2], such "misconduct" now includes "[c]onduct or a failure to act demonstrating knowing disregard of the employer's interest or a knowing violation of the standards which the employer expects of his or her employee," or "demonstrating carelessness or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or a knowing disregard of the employer's interest or of the employee's duties and obligations to the employer."

The employer has the burden of proving that it discharged the employee for misconduct connected to work. *Fendler v. Hudson Servs.*, 370 S.W.3d 585, 589 (Mo.banc 2012). Further, "disqualifying provisions of the law are to be strictly construed against the disallowance of

---

[2] RSMo (Supp. 2015).

benefits to unemployed but available workers." *Guccione v. Ray's Tree Serv.*, 302 S.W.3d 252, 256 (Mo.App.E.D. 2010) (citing *Div. of Emp't Sec. v. Labor and Indus. Relations Comm'n*, 651 S.W.2d 145, 148 (Mo.banc 1983)).

Here, we find that the Commission did not err by placing on Clay the burden of proving that he did not commit misconduct. Rather, the Commission properly found that Employer met its burden of showing that Clay demonstrated knowing disregard of Employer's interests and expectations, or at least carelessness or negligence to such a degree as to manifest culpability, by failing to pay the fine for his speeding ticket.

Clay testified that he knew that he was required to pay the fine—i.e., that by choosing not to pay it, he was violating the law. And we must defer to the Commission's credibility determination that it was "difficult to believe that [Clay] could be completely unaware that the court had suspended his license" for his failure to pay the fine. Therefore, we conclude that Clay knew that by failing to pay the fine for his speeding ticket, he was disregarding Employer's interests and expectations, or at least was carelessly or negligently ignoring them to the extent of culpability, since he either knew or inexcusably failed to recognize that violating the law in this way jeopardized both his ability to drive for Employer and Employer's ability to complete any of its subsequent deliveries or other driving-required work tasks. As Employer's President, James Fehlig, testified, Employer had "nobody [else] that's certified to drive a truck and [it] had to get [its] deliveries out."

Accordingly, the Commission's determination that Clay was disqualified from receiving unemployment benefits because he committed misconduct connected with his work was supported by competent and substantial evidence in the record. Point denied.

4

## Conclusion

For the reasons stated above, we affirm the Commission's decision.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.